UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELLY STEWART, et al., ) | Case No. 2:15-cv-01569-JAD-NJK |
|     Plaintiff(s), ) | |
| vs. ) | ORDER |
| SBE ENTERTAINMENT GROUP, LLC, et al., ) | |
|     Defendant(s). ) | |

  Pending before the Court is the parties' proposed discovery plan. Docket No. 24. The discovery plan is defective in several aspects. First, the discovery plan fails to state the date on which the first defendant answered or otherwise appeared, in violation of Local Rule 26-1(e)(1). Second, the discovery plan calculates the requested discovery period based on the number of months from the Rule 26(f) conference, while Local Rule 26-1(e)(1) requires the discovery plan to state "the number of days required for discovery measured from the date the first defendant answers or otherwise appears." Third, the presumptively reasonable discovery period is 180 days calculated from the date the first defendant answers or otherwise appears. *See* Local Rule 26-1(e)(1). When a longer period is sought, the parties must provide good reason for the extended discovery period. *See* Local Rule 26-1(d). The more expansive the extension to the presumptively reasonable discovery period is sought, the more compelling the reasons for the extension must be. When properly calculated, the discovery plan seeks a discovery period of 298 days or roughly 65% beyond the presumptively reasonable discovery period. *See* Docket No. 24 at 2. In support of such their request for such an expansive discovery period, the parties provide

generalized statements that they will need "extensive" discovery prior to exchanging expert reports and that scheduling may be complicated by "the holidays." *See id.* Such conclusory assertions are insufficient for the discovery period sought.[1] Fourth, without explanation, the discovery plan seeks a deadline to amend the pleadings that is only 60 days prior to the discovery cutoff, *see* Docket No. 23 at 2, when Local Rule 26-1(e)(2) provides that deadline should generally be set for 90 days prior to the discovery cutoff. Fifth, the discovery plan provides that the parties may seek modification of the deadlines in the scheduling order up to 30 days prior to the discovery cutoff. Docket No. 23 at 3. In this aspect, the proposed discovery plan conflicts with Local Rule 26-4, which requires that any request to extend deadlines set forth in the scheduling order must be submitted at least 21 days <u>before the subject deadline</u>. For example, any request to extend the deadline for initial expert disclosures must be filed at least 21 days before the expiration of <u>that deadline</u>. Such a request filed only 30 days before the discovery cut-off would be untimely.

In light of the above, the discovery plan is hereby **DENIED**. The parties are **ORDERED** to file, no later than December 7, 2015, an amended discovery plan that complies with the local rules.

IT IS SO ORDERED.

DATED: December 1, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Given that the presumptively reasonable discovery period is 180 days, there will often be holidays during the discovery period. The Court declines to allow significant expansions of the discovery period based on the mere invocation of holidays.